UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEBRA PONSAA** | * | **CIVIL ACTION NO: 21-1020** |
|     **Plaintiff** | * | |
| | * | |
| **V.** | * | |
| | * | **JUDGE:** |
| | | |
| **GUARDIAN LIFE INSURANCE** | | |
| **COMPANY OF AMERICA** | * | **MAG.:** |
|     **Defendant** | * | |

## COMPLAINT

1.  Plaintiff, Debra Ponsaa ("Ponsaa") or ("Plaintiff"), brings this action against Defendant, Guardian Life Insurance Company of America ("Guardian") or ("Defendant"), for benefits payable under a long-term disability plan and life insurance waiver of premium plan sponsored by her former employer Baldwin, Haspel, Burke, & Mayer, LLC.

2.  Guardian reviewed claims for benefits under the long-term disability plan and life insurance waiver of premium plan.

3.  This Complaint challenges the Defendant's: 1) unreasonable and unlawful denial of long-term disability income benefits and life insurance waiver of premium benefits despite the substantial medical evidence demonstrating Ponsaa's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Ponsaa's eligibility for said benefits despite her disabling pulmonary emboli, degenerative disk disease, deep vein thrombosis, and chronic obstructive pulmonary disorder; 3) failure to provide Ponsaa with a full and fair review of her claim, including failure to take into account the fact she was awarded Social Security disability benefits; and 4) failure to provide a reasonable claims procedure that

would yield a decision on the merits of Ponsaa's claim.

4.   Ponsaa is filing this action to recover benefits due under the long-term disability and life insurance waiver of premium plans, to enforce the present rights existing therein, to clarify her rights under the terms of the plans, and to recover costs, attorneys' fees, and pre- and post- suit interest as provided by ERISA.

5.   This Court has personal jurisdiction over the Defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the plans were administered in this district and the Defendant's breach of its ERISA obligations took place in this district.

6.   Ponsaa is domiciled in St. Tammany Parish, Louisiana. She has standing to bring this action under 29 U.S.C. § 1132(a).

7.   The Defendant is domiciled in New York and has its principle place of business in New York.

8.   Ponsaa suffers from severe pulmonary fibrosis, degenerative disk disease, and deep vein thrombosis. These conditions cause shortness of breath, lack of concentration due to oxygen loss, and fatigue. Ms. Ponsaa suffers from painful leg swelling if she sits or stands for too long in one position, and this would make it impossible and unsafe to sit upright working as a legal secretary throughout a workday of eight hours five days a week.

9.   Ponsaa was paid long-term disability benefits for just over a year, and said benefits were terminated.

10.   Guardian encouraged Ponsaa to file for Social Security disability benefits and then failed to consider Social Security Administrative Law Judge's decision finding her disabled. In its

denial correspondence, Guardian mischaracterized the Social Security Administrative Law Judge's decision. Also, it failed to consider whether Ponsaa could reasonably be expected to work 40-hour weeks with her health conditions. Guardian also refused to consider the combined effects of Ponsaa's conditions on her ability to do work.

11. Ponsaa has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503.

12. Defendant failed to provide Ponsaa with a full and fair review of her claim for benefits.

13. Any discretion to which Guardian may claim it is entitled under the plans is negated by its failure to provide Ponsaa with an explanation as to its adverse action and a full and fair review of her claim for benefits. Further, Guardian failed to render a decision within time limits required by ERISA regulations, meaning Ponsaa is entitled to *de novo* review.

14. Guardian was motivated by its financial conflict of interest when it denied Ponsaa's benefits.

15. The decision to deny Ponsaa's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the plans, and contrary to law.

16. Due to the unlawful denial/termination of benefits under ERISA, Ponsaa has lost her rightful long-term disability benefits and life insurance waiver of premium benefits.

17. Having exhausted the administrative procedures provided by the defendant, Ponsaa now brings this action.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

18. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

19. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

   a. by a participant or beneficiary –

   i. For the relief provided for in subsection (c) of this section, or

   ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

20. The Defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

21. Defendant unlawfully denied Ponsaa 's benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying Ponsaa a full and fair review of the decision to deny her benefits.

22. In accordance with 29 U.S.C. §1132, Ponsaa is entitled to unpaid disability benefits and life insurance waiver of premium benefits.

23. Ponsaa has refused to provide Ponsaa with these benefits and is, therefore, in breach of the terms of the plans and ERISA.

24. As a direct and proximate result of this breach, Ponsaa has lost the principal and the use of her rightful long-term disability benefits and life insurance waiver of premium benefits.

### SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

25. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

26. Under the standards applicable to ERISA, Ponsaa deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. Section 1132(g).

27. Defendant has the ability to satisfy the award.

28. Defendant acted in bad faith in denying Plaintiff's benefits under the plans.

29. The award of attorneys' fees against the Defendant will deter the Defendant and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## PRAYER FOR RELIEF

30. WHEREFORE, the Plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits and life insurance waiver of premium benefits for the pendency of disability;

b. Award plaintiff the full amount of unpaid benefits under the plan to which she is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

d. Award Plaintiff the costs of this action and reasonable attorneys' fees;

e. Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738
Attorney for Plaintiff Debra Ponsaa